UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| JOEL ALFARO and YUSELLA MACHADO SILVENTE, | : | |
| Plaintiffs, | : | CIVIL ACTION NO. |
| v. | : | JURY TRIAL DEMANDED |
| CIRCUIT COURT OF DUVAL COUNTY and JODY PHILLIPS, Clerk of Court, in his official capacity, | : | |
| Defendants. | : | |

**COMPLAINT**

The right to marry is fundamental. This right touches on multiple rights that are sancrosant in American law and life. It touches on the right to love who one chooses, to make a family, to raise children, and to maintain religous beliefs. Plaintiffs Joel Alfaro and Yusela Machado Silvente fell in love and decided to marry. On the tenth anniversary of the day they met, they went to the Circuit Court of Duval County. That day, Mr. Alfaro and Ms. Machado Silvente sought and were denied a marriage license by the Defendants, the Clerk of Court and the Circuit Court of Duval County. Defendants unequivocally denied Mr. Alfaro and Ms. Machado Silvente a license because they are deaf. Since that time, the Defendants have repeatedly failed to respond to Mr. Alfaro's pleas that he and Ms. Machado Silvente be allowed to marry. This irrational, anachronistic, offensive, and discriminatory conduct by the Defendants violates the United States Constitution, the Americans with Disabilities Act, and section 504 of the Rehabilitation Act. To date, Mr. Alfaro and Ms. Machado Silvente remain unable to obtain a marriage license and marry, due to discrimination against them on the basis of their disability by the Defendants.

## PARTIES

1. Plaintiff Joel Alfaro is a resident of Jacksonville in Duval County, Florida.

2. Plaintiff Yusela Machado Silvente is a resident of Jacksonville in Duval County, Florida.

3. Defendant the Circuit Court of Duval County is located at 501 W. Adams St., Jacksonville, Florida, 32202. The Circuit Court of Duval County is required by Florida law, Fla. Stat. § 741.01 *et seq.*, to issue marriage licenses. The Circuit Court of Duval County is a public entity pursuant to Title II of the Americans with Disabilities Act. It is also subject to section 504 of the Rehabilitation Act because it is a recipient of federal financial assistance including but not limited to federal funding from the United States Department of Justice. As a condition of receiving federal financial assistance, the Defendants are prohibited from discriminating against qualified individuals with disabilities on the basis of disability.

4. Defendant Jody Phillips is the Clerk of the Circuit Court of Duval County, Florida ("Clerk of the Court") and is charged pursuant to the laws of the State of Florida with issuing marriage licenses. He is sued in his official capacity of the Clerk of the Court because he denied Plaintiffs a license to marry and continues to deny Plaintiffs a license to marry and therefore also the ability to marry in Duval County.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and § 1343(a) for Plaintiffs' claims arising under the United States Constitution and federal law.

6. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. § 1391(b)-(c) as Defendants reside within the jurisdiction of this District and the events giving rise to these claims occurred in this District.

## FACTS

7. Joel Alfaro and Yusela Machado Silvente met in Bogota, Colombia. Their shared love of their children and values are at the heart of their relationship. Together, they love to visit museums, cook, go to the movies, and even work in the garage painting cars. Together they make a great team.

8. Both Mr. Alfaro and Ms. Machado Silvente are deaf. They communicate with each other in American Sign Language.

9. Mr. Alfaro proposed to Ms. Machado Silvente on Jacksonville Beach, confident that their love was lasting, and Ms. Machado Silvente accepted.

10. On October 15, 2021, the tenth anniversary of the day they met, Mr. Alfaro and Ms. Machado Silvente went together to the Circuit Court for Duval County to obtain a marriage license and marry. Duval County Court allows marriage licenses to be obtained on a walk-in basis. *See* https://www2.duvalclerk.com/departments/marriage-license/ (last visited September 20, 2022)

11. Mr. Alfaro and Ms. Machado Silvente took a photo outside the courthouse to commemorate the day which was a significant milestone for them.

12. Although Mr. Alfaro and Ms. Machado Silvente were able to satisfy all required elements to obtain a marriage license, Defendants refused to issue them a marriage license.

13. Upon arrival at the Clerk's Office, Plaintiffs requested a marriage license from the clerk on duty.

14. Defendants advised Plaintiffs in writing that Defendants would not issue a marriage license unless Plaintiffs provided an interpreter.

15. When Plaintiffs indicated that they did not have an interpreter, Defendants advised them to bring a friend or family member to help them.

16. Plaintiffs persisted in seeking a license and requested that they communicate via writing to obtain the marriage license in the absence of an interpreter. Defendants refused and stated that the only way Defendants would issue a marriage license to the couple was if the couple brought an interpreter themselves. Defendants further advised that Mr. Alfaro and Ms. Machado Silvente could wait for her supervisor, Ms. Martin, to confirm this denial. While Plaintiffs waited, hearing couples who arrived after them were issued marriage licenses.

17. The supervisor, Ms. Martin, arrived after about an hour, and likewise advised Plaintiffs that Defendants would not provide an interpreter and would not issue a marriage license to Mr. Alfaro and Ms. Machado Silvente unless Plaintiffs brought their own interpreter.

18. Mr. Alfaro and Ms. Machado Silvente were humiliated by the discriminatory treatment against them and suffered stigmatic injury. On a day that was supposed to be very special, the couple left without a marriage license, with Ms. Machado Silvente in tears and the couple humiliated.

19. Mr. Alfaro persisted in trying to obtain a license. In August 2022, he called the Clerk's office again and was told again that Defendants would not provide an interpreter and that he would have to bring his own interpreter in order for Plaintiffs to obtain a marriage license.

20. Defendants are recipients of federal financial assistance by reason of federal funding from the United States Department of Justice.

21. The United States Supreme Court has described the transcendant importance of marriage. Marriage allows couples to access other freedoms. It offers protection to their children and to their own ability to care for one another in the best and worst of times.

22. The denial of the right to marry has caused not only emotional harm to Plaintiffs but also caused financial harm, including the loss of tax benefits.  Plaintiffs have also lost opportunities and the privileges and benefits of marriage, including inheritance rights, property rights, rules of intestate succession, hospital access, medical decisionmaking, survivor rights, and health insurance. Plaintiffs have suffered discrimination, stigmatic injury, loss of opportunity, and economic harm as the result of Defendants' actions and refusal to act.

23. Mr. Alfaro and Ms. Machado Silvente continue to want to get married. To date, however, Mr. Alfaro and Ms. Machado Silvente remain unable to marry in Duval County where they live because they are deaf and Defendants will not provide an interpreter for them to get married.

## COUNT I
## Violation of the Americans with Disabilities Act

24. Plaintiffs incorporate by reference the preceding paragraphs.

25. Title II of the ADA provides that "no qualified individual with a disability, shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

26. Defendants are public entities subject to Title II.  42 U.S.C. § 12131.

27. Mr. Alfaro and Ms. Machado Silvente have a substantial impairment in a major life activity of hearing. They are therefore both individuals with a disability as defined by the Americans with Disabilities Act.

28. Mr. Alfaro and Ms. Machado Silvente meet all the requirements to obtain a marriage license and are therefore qualified individuals with a disability.

29. Defendants intentionally discriminated against the Plaintiffs on the basis of their disability with deliberate indifference when the Defendants refused to issue a marriage license to Mr. Alfaro and Ms. Machado Silvente because they are deaf.

30. Defendants deliberately discriminated against Plaintiffs on the basis of disability with deliberate indifference when they required Mr. Alfaro and Ms. Machado Silvente to provide their own interpreter.

31. Defendants acted with deliberate indifference to Plaintiffs' federally protected rights by refusing to provide auxiliary aids and services to ensure effective communication, and refusing to issue a marriage license to Plaintiffs on the basis of their disability.

32. Mr. Alfaro and Ms. Machado Silvente experienced harm including being discrminated against, stigmatic injury, loss of opportunity, and financial injury because of Defendants' actions and failures to act.  Mr. Alfaro and Ms. Machado Silvente further experienced humiliation, embarrassment, and other emotional suffering.

33. Mr. Alfaro and Ms. Machado Silvente want to be married and are unable to do so because of Defendant's ongoing discriminatory policies and practices.

## COUNT II
### Violation of Section 504 of the Rehabilitation Act

34. Plaintiffs incorporate by reference the preceding paragraphs.

35. The Rehabilitation Act of 1973 was enacted in part to further a policy of promoting "respect for the privacy, rights, and equal access" of individuals with disabilities. 29 U.S.C. § 701(c)(2).

36. Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

37. Mr. Alfaro and Ms. Machado Silvente have a substantial impairment in a major life activity of hearing. They are therefore both individuals with a disability as defined by the Section 504 of the Rehabilitation Act

38. At all times relevant, Defendants received and continue to receive federal financial assistance including insofar as they have received and receive federal funding from federal executive agencies, including the United States Department of Justice for operations, programs and services at the courthouse in which Plaintiffs were discriminated against.

39. Defendants intentionally discriminated against Plaintiffs' when they acted with deliberate indifference in violation of Plaintiffs' federally protected rights by refusing to provide auxiliary aids and services to ensure effective communication, and refusing to issue a marriage license to Plaintiffs on the basis of their disability.

40. Mr. Alfaro and Ms. Machado Silvente experienced harm including being discriminated against, stigmatic injury, loss of opportunity, and financial injury because of Defendants' actions and failures to act.  Mr. Alfaro and Ms. Machado Silvente further experienced humiliation, embarrassment, and other emotional suffering.

41. Mr. Alfaro and Ms. Machado Silvente want to be married and are unable to do so because of Defendants' ongoing discriminatory policies and practices.

## COUNT III
## 42 U.S.C. § 1983

42. Plaintiffs incorporate by reference the preceding paragraphs.

43. Clause 1 of the Fourteenth Amendment of the United States Constitution states, in pertinent part: "No State . . . shall deprive any person of life, liberty, or property, without due process of law[.]"

44. The right to marry is a fundamental liberty protected by the Due Process Clause and the Equal Protection Clause.

45. By denying Plaintiffs the ability to obtain a marriage license, Defendants have infringed upon Plaintiffs' fundamental right to marry and right to due process and equal protection.

46. Defendants have also infringed on Plaintiffs' due process and equal protection rights in denying them access to marry on the basis of disability.

47. Congress enacted 42 U.S.C. § 1983 to provide a remedy for constitutional violations.

48. Defendants' failure to issue a marriage license caused the deprivation of the Plaintiffs' rights and their injuries.

49. Defendants were acting under color of state law when they violated Mr. Alfaro and Ms. Machado Silvente's constitutional rights.

50. Defendants have a policy or practice of refusing to provide interpreters.

51. Defendants have a policy of practice of refusing to discuss the issuance of a marriage license with deaf citizens unless the deaf citizens provide a sign language interpreter to communicate with the Defendants.

52. Defendants acted with deliberate, reckless, and/or callous indifference to Plaintiffs' rights when they refused to issue a marriage license.

53. The refusal to issue a marriage license was wanton, oppressive and malicious causing harm to Plaintiffs.

54. Mr. Alfaro and Ms. Machado Silvente suffered and will continue to suffer harm as the result of Defendants denial of access to their constitutional rights.

55. Mr. Alfaro and Ms. Machado Silvente have also suffered and continue to suffer from being discriminated against by the Defendants, including but not limited to emotional distress, stigmatic injury, loss of opportunity, and economic injury as the direct result of the Defendants' denial of access to their fundamental rights.

## PRAYER FOR RELIEF

**WHEREFORE,** Mr. Alfaro and Ms. Machado Silvente respectfully request that this Court:

1. Assume jurisdiction over this matter;
2. Issue declaratory and injunctive relief directing Defendants to provide auxiliary aids and services, including sign language interpreter services, to communicate effectiely with Plaintiffs;
3. Issue declaratory and injunctive relief directing Defendants to issue a marriage license to Plaintiffs;
4. Award damages for economic and noneconomic damages, in an amount to be proven at trial for the discrimination the Plaintiffs have experienced and continue to experience;

5. Declare the Defendants jointly and severally liable;

6. Award any and all applicable interest on the judgement;

7. Award reasonable attorneys' fees and costs; and

8. Award any other appropriate relief.

**JURY DEMAND**

Jury trial is demanded.

DATED THIS 4th day of October, 2022.
BY:

PHILLIPS & HUNT

s/John Phillips
John Phillips
212 North Laura Street
Jacksonville, FL 32202
jmp@floridajustice.com
Tel.: 904-444-4444

STEIN & VARGAS, LLP
Mary C. Vargas[1]
Michael S. Stein
10 G Street NE, Suite 600
Washington, D.C. 20002
mary.vargas@steinvargas.com
michael.stein@steinvargas.com
Tel.: 240-793-3185
Fax: 888-778-4620

NATIONAL ASSOCIATION OF THE DEAF
Marc P. Charmatz[2]
National Association of the Deaf

---

[1] *Motion for Special Admission* to be submitted after case opening for Ms. Vargas and Mr. Stein.
[2] *Motion for Special Admission* to be submitted after case opening for Mr. Charmatz.

Law and Advocacy Center
8630 Fenton Street, Suite 820
Silver Spring, MD 20910
marc.charmatz@nad.org
www.nad.org
Tel.: 301-587-1788
Fax: 301-587-1791